UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.C.F.,

                                    Petitioner,

            -*against*-

KENNETH GENALO, in his official capacity
as Field Office Director of New York,
Immigration and Customs Enforcement; PAUL
ARTETA, in his official capacity as Sheriff of
the Orange County Jail; TODD LYONS, in his
official capacity as Acting Director U.S.
Immigrations and Customs Enforcement;
KRISTI NOEM in her official capacity as
Secretary of Homeland Security; PAM
BONDI, in her official capacity as Attorney
General,

                                    Respondents.

**ORDER**
26-cv-2361 (ER)

EDGARDO RAMOS, United States District Judge:

J.C.F. (the "Petitioner") has filed a petition for the writ of *habeas corpus* pursuant to 28

U.S.C. § 2241, 28 U.S.C. § 1331, and Article I, § 9, cl. 2 of the United States Constitution on

March 23, 2026.  Doc. 1.

On March 24, 2026, the Court ordered the Respondents to file a letter indicating, *inter*

*alia*, (1) whether the Petitioner was located in the Southern District of New York at the time that

the Petition was filed, (2) the statutory provision(s) under which the Respondents assert the

authority to detain the Petitioner, and (3) whether there is any basis to distinguish this case from

*Liu v. Almodovar et al.*, 25-cv-9256 (S.D.N.Y. Dec. 2, 2025).  Doc. 6.

The Respondents filed the response letter on March 25, 2026.  Doc. 9.  In the letter, the

Respondents concede that venue is proper because the Petitioner was in the Southern District of

New York when the Petition was filed.  *Id.* at 1.  The Respondents also assert that the basis for

the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and that the "the instant case is not materially distinguishable from the Court's decision in *Liu v. Almodovar*, No. 25- cv-9256 (ER) (S.D.N.Y. Dec. 2, 2025)." *Id.* Respondents also point out that Petitioner was arrested and charged with assault in the third degree twice—once in January 2025 and the other time in September 2025—but that these charges appear to still be pending. *Id.* at 2.

Thus, while the "Respondents respectfully disagree with the Court's decision in [*Liu*], Respondents acknowledge that the *Liu* decision would control resolution of that issue in this case if the Court adheres to its prior decision." *Id.* The Respondents add that they are "content with relying on, and incorporate by reference, the legal arguments they presented in *Liu*, and believe the Court can decide this matter without further briefing." *Id.*

Having been presented with no additional arguments for deviating from *Liu*, the Court therefore GRANTS the Petition for the reasons set forth therein. The Respondents are thereby ORDERED to immediately release Petitioner from custody and certify compliance with the Court's order by filing an entry on the docket no later than March 26, 2026, at 10 a.m.

Dated:    March 25, 2026
        New York, New York

                                                    _____
                                                      EDGARDO RAMOS
                                        United States District Judge

2